UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

REFUGIO GONZALEZ,
on behalf of himself and all
others similarly situated,

    Plaintiff,

v.                                       Case No. 17-cv-778

D.R. DIEDRICH, CO., LTD.,
    and

DANIEL R. DIEDRICH,

    Defendants.

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. This is a collective and class action brought by Plaintiff Refugio Gonzalez, on behalf of himself and all other similarly situated current and former employees who work or have worked as Laborers for Defendants D.R. Diedrich Co., Ltd. and Daniel R. Diedrich (collectively "D.R. Diedrich"). At times since June 1, 2014, Plaintiff Gonzalez and the putative class members have been employed as Laborers by D.R. Diedrich at its Milwaukee, Wisconsin location. During his employment at D.R. Diedrich, Plaintiff Gonzalez was not compensated at a rate of one and one-half times his regular rate of pay for all hours worked in excess of forty

hours in a given workweek in violation of the Fair Labor Standards Act of 1938 and Wisconsin law.

2. Plaintiff Gonzalez brings this action on behalf of himself and other similarly situated current and former Laborers as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for purposes of obtaining relief under the FLSA for unpaid overtime compensation, unpaid wages, back pay, liquidated damages, costs, attorneys' fees, and/or any such other relief that the Court may deem appropriate.

3. Plaintiff Gonzalez also brings this action on behalf of other similarly situated current and former employees as a class action pursuant to Fed. R. Civ. P. 23 for purposes of obtaining relief under Wisconsin's wage and hour laws for unpaid overtime compensation, unpaid agreed-upon wages, civil penalties, costs, attorneys' fees, and/or any such other relief that the Court may deem appropriate.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction under 28 U.S.C. § 1331 because this case presents federal questions brought under the FLSA.

5. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of

hours in a given workweek in violation of the Fair Labor Standards Act of 1938 and Wisconsin law.

2. Plaintiff Gonzalez brings this action on behalf of himself and other similarly situated current and former Laborers as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for purposes of obtaining relief under the FLSA for unpaid overtime compensation, unpaid wages, back pay, liquidated damages, costs, attorneys' fees, and/or any such other relief that the Court may deem appropriate.

3. Plaintiff Gonzalez also brings this action on behalf of other similarly situated current and former employees as a class action pursuant to Fed. R. Civ. P. 23 for purposes of obtaining relief under Wisconsin's wage and hour laws for unpaid overtime compensation, unpaid agreed-upon wages, civil penalties, costs, attorneys' fees, and/or any such other relief that the Court may deem appropriate.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction under 28 U.S.C. § 1331 because this case presents federal questions brought under the FLSA.

5. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of

the events giving rise to the claims occurred within the District and Defendants D.R. Diedrich have substantial and systematic contacts in this District.

## PARTIES

7. Defendant D.R. Diedrich Co., Ltd. ("D.R. Diedrich") is a Wisconsin Limited Company which operates a tannery with a principal place of business located in Milwaukee, Wisconsin. D.R. Diedrich's registered agent for service of process in the State of Wisconsin is Daniel Diedrich located in Milwaukee, Wisconsin.

8. Defendant Daniel R. Diedrich ("Diedrich") is an adult resident of Milwaukee County in the State of Wisconsin. Defendant Diedrich is an owner of D.R. Diedrich.

9. Defendant Diedrich has operational control and has control over relevant compensation aspects of D.R. Diedrich's operations, pay practices, and policies that are at issue in this litigation. Diedrich can hire, fire, and discipline employees.

10. Defendants D.R. Diedrich and Diedrich are joint employers and will be collectively referred to hereinafter as "D.R. Diedrich."

11. Joinder of Defendants is proper pursuant to Fed. R. Civ. P. 20(a)(2) because Plaintiff Gonzalez's and the putative classes' rights to relief are asserted against Defendants arising out of the same series of occurrences and common questions of law and fact.

12. Plaintiff Gonzalez (hereinafter "Gonzalez") is an adult resident of Milwaukee County in the State of Wisconsin. Gonzalez's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A to and is made a part of this Complaint. Plaintiff Gonzalez formerly worked as a Laborer for Defendants at times since June 1, 2014.

13. Plaintiff Gonzalez brings this action on behalf of himself and all other similarly situated employees in the FLSA Laborer Class, as authorized under the FLSA, 29 U.S.C. § 216(b). The **FLSA Laborer Class** is defined as follows:

> All persons who work or worked for D.R. Diedrich as a Laborer at any time since June 1, 2014.

14. Plaintiff Gonzalez brings this action on behalf of himself and all other similarly situated employees in the Wisconsin Laborer Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Laborer Class** is defined as follows:

> All persons who work or worked for D. R. Diedrich as a Laborer at any time since June 1, 2015.

15. The FLSA Laborer Class and the Wisconsin Laborer Class will be referred to collectively hereinafter as the "Laborer Classes."

## GENERAL ALLEGATIONS

16. Plaintiff Gonzalez and the FLSA Laborer Class work, or have worked, for D.R. Diedrich as Laborers since June 1, 2014.

17. Plaintiff Gonzalez and the Wisconsin Laborer Class work, or have worked, for D.R. Diedrich as Laborers since June 1, 2015.

18. While working as Laborers for D.R. Diedrich since June 1, 2014, Plaintiff Gonzalez and the Laborer Classes' primary job duties have included, but not limited to, producing lime splits, trimmings, automotive, furniture and shoe leather.

19. Defendants operate D.R. Diedrich – a manufacturer of tanned leather – located in Milwaukee, Wisconsin at times since June 1, 2014.

20. While employed by D.R. Diedrich since June 1, 2014, D.R. Diedrich paid Plaintiff Gonzalez and the Laborer classes at an hourly rate for hours worked under forty hours in a workweek.

21. Since June 1, 2014, D.R. Diedrich has suffered or permitted Plaintiff Gonzalez to work in excess of forty hours in various workweeks.

22. Since June 1, 2014, D.R. Diedrich has suffered or permitted the Laborer Classes to work in excess of forty hours in various workweeks.

23. Despite regularly suffering and/or permitting Plaintiff Gonzalez to work in excess of forty hours in a workweek since June 1, 2014, Defendants failed to pay Plaintiff Gonzalez at a rate of one and one-half times his regular rate for all hours worked in excess of forty in a given workweek.

24. Despite regularly suffering and/or permitting the Laborer Classes to work in excess of forty hours in a workweek since June 1, 2014, Defendants failed to pay Plaintiff Gonzalez at a rate of one and one-half times his regular rate for all hours worked in excess of forty in a given workweek.

25. Since June 1, 2014, Defendants had a practice of compensating only a portion of the hours Plaintiff Gonzalez worked over forty in a workweek at Plaintiff Gonzalez's an overtime rate of pay.

26. Since June 1, 2014, Defendants had a practice of compensating only a portion of the hours the Laborer Classes worked over forty in a workweek at an overtime rate of pay.

27. Since June 1, 2014, Defendants had a practice of compensating a certain portion of the hours Plaintiff Gonzalez worked over forty in a workweek at Plaintiff Gonzalez's regular rate of pay.

28. Since June 1, 2014, Defendants had a practice of compensating a certain portion of the hours the Laborer Classes worked over forty in a workweek at a regular rate of pay.

29. As a result of Defendants' actions as alleged herein, Defendants failed to compensate Plaintiff Gonzalez and the Laborer Classes all overtime wages earned for hours worked in excess of forty in a given workweek in violation of the FLSA and Wisconsin law.

30. As a result of the foregoing conduct, D.R. Diedrich has failed to pay Plaintiff Gonzalez and the Laborer Classes at a rate of one and one-half times their respective regular rates for all hours worked in excess of forty in a given workweek since June 1, 2014.

31. D.R. Diedrich's conduct, as set forth in this complaint, was willful, dilatory, unjust, and in bad faith and has caused significant damages to Plaintiff Gonzalez, the Wisconsin Laborer Class, and the FLSA Laborer Class.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

32. Plaintiff Gonzalez and the FLSA Laborer Class that he brings this action on behalf of are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to D.R. Diedrich's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked at the proper overtime rates. The claims of Plaintiff Gonzalez stated herein are the same as those of the FLSA Laborer Class he seeks to represent.

33. Plaintiff Gonzalez and the FLSA Laborer Class seek relief on a collective basis and challenge D.R. Diedrich's policies and practices which lead and have led to FLSA overtime violations.

34. As a result of the above-alleged uniform pay practices, D.R. Diedrich has failed to pay Plaintiff Gonzalez and the FLSA Laborer Class the required overtime wages for all hours worked.

35. The FLSA 216(b) FLSA Laborer Class is readily ascertainable. For purpose of notice and other purposes related to this action, their names, phone numbers, social security numbers, and addresses are readily available from D.R. Diedrich. Notice can be provided to the FLSA Laborer Class via first class mail to

the last address known to D.R. Diedrich and through posting at D.R. Diedrich's facilities in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

36. Plaintiff Gonzalez brings his Wisconsin state law claims, pursuant to the Wisconsin wage laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Laborer Class for violations occurring on or after June 1, 2015.

37. The members of the Wisconsin Laborer Class are readily ascertainable. The number and identity of the members of the Wisconsin Laborer Class are determinable from the records of D.R. Diedrich.

38. The proposed Wisconsin Laborer Class's members are so numerous that joinder of all members is impracticable and, more importantly, the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown and the facts on which the calculation of that number are presently within the sole control of D.R. Diedrich, upon information and belief, there are more than 40 members in the Wisconsin Laborer Class.

39. Plaintiff Gonzalez's claims are typical of those claims which could be alleged by any member of the Wisconsin Laborer Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Laborer Class in separate actions. The alleged claims arise out of the same corporate practices of D.R. Diedrich and D.R. Diedrich benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Class member. Plaintiff Gonzalez and other members of the Wisconsin Laborer Class sustained similar

losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

40. Plaintiff Gonzalez is able to fairly and adequately protect the interests of the Wisconsin Laborer Class and has no interests antagonistic to the Wisconsin Laborer Class.

41. There are questions of fact and law common to the Wisconsin Laborer Class that predominate over any questions affecting only individual members, including, but not limited to:

a) Whether D.R. Diedrich failed to pay the Laborer Classes and Plaintiff Gonzalez at an overtime rate for all hours worked over forty in a workweek;

b) Whether D.R. Diedrich's practice of paying some hours over forty in a workweek at a regular rate overtime rate while paying other overtime hours at the Wisconsin Laborer Class' regular rate violates Wisconsin's wage and hour laws.

42. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant, particularly those with relatively small claims.

43. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations

of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the claims.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act of 1938 as Amended

44. Plaintiff Gonzalez, on behalf of himself and the FLSA Laborer Class, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

45. Since June 1, 2014, Plaintiff Gonzalez and the FLSA Laborer Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.* at all times while working for D.R. Diedrich.

46. Since June 1, 2014, D.R. Diedrich has been an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

47. Since June 1, 2014, D.R. Diedrich has been and/or is an employer of Plaintiff Gonzalez and the FLSA Laborer Class as provided under the FLSA.

48. As a result of the above alleged practices, D.R. Diedrich violated the FLSA by failing to account for and compensate Plaintiff Gonzalez and the FLSA Laborer Class at the proper overtime rate for hours worked in excess of forty hours per workweek.

49. Plaintiff Gonzalez and the FLSA Laborer Class are entitled to damages equal to the mandated minimum wage and overtime premium pay within the three years preceding the date of filing of this Complaint, plus periods of equitable tolling because D.R. Diedrich acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

50. D.R. Diedrich's failure to properly compensate Plaintiff Gonzalez and the FLSA Laborer Class was willfully perpetrated and entitles Plaintiff Gonzalez and the FLSA Laborer Class to an extended three-year statute of limitations pursuant to 29 U.S.C. § 255(a).

51. D.R. Diedrich's failure to properly compensate Plaintiff Gonzalez and the FLSA Laborer Class was in bad faith and entitles Plaintiff Gonzalez and the FLSA Laborer Class to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and overtime premium pay described above pursuant to 29 U.S.C. § 216(b).

52. Alternatively, should the Court find that D.R. Diedrich did not act in bad faith in failing to pay minimum and overtime premium wages, Plaintiff Gonzalez and the FLSA Laborer Class are entitled to an award of pre-judgment interest at the applicable legal rate.

53. Pursuant to FLSA, 29 U.S.C. § 216(b), Plaintiff Gonzalez and the FLSA Laborer Class are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting this action for unpaid minimum wages and overtime wages.

### SECOND CLAIM FOR RELIEF
#### Violation of Wisconsin Law – Unpaid Overtime Wages

54. Plaintiff Gonzalez, on behalf of himself and members of the Wisconsin Laborer Class, re-alleges and incorporates by reference all previous paragraphs as if they were set forth herein.

55. Since June 1, 2015, Plaintiff Gonzalez and members of the Wisconsin Laborer Class were employees within the meaning of Wis. Stat. §§ 109.01 *et seq.*

56. Since June 1, 2015, Plaintiff Gonzalez and the members of the Wisconsin Laborer Class were employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

57. Since June 1, 2015, Plaintiff Gonzalez and the members of the Wisconsin Laborer Class were employees within the meaning of Wis. Stat. §§ 104.01 *et seq.*

58. Since June 1, 2015, Plaintiff Gonzalez and the members of the Wisconsin Laborer Class were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

59. Since June 1, 2015, Plaintiff Gonzalez and the members of the Wisconsin Laborer Class were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

60. Since June 1, 2015, D.R. Diedrich was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

61. Since June 1, 2015, D.R. Diedrich was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

62. Since June 1, 2015, D.R. Diedrich was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

63. Since June 1, 2015, D.R. Diedrich was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

64. Since June 1, 2015, D.R. Diedrich was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

65. Since June 1, 2015, D.R. Diedrich has employed, and/or continues to employ, Plaintiff Gonzalez and the members of the Wisconsin Laborer Classes as within the meaning of Wis. Stat. §§ 109.01 *et seq.*

66. Since June 1, 2015, D.R. Diedrich has employed, and/or continues to employ, Plaintiff Gonzalez and the members of the Wisconsin Laborer Class as within the meaning of Wis. Stat. §§ 103.001 *et seq.*

67. Since June 1, 2015, D.R. Diedrich has employed, and/or continues to employ, Plaintiff Gonzalez and the members of the Wisconsin Laborer Class as within the meaning of Wis. Stat. §§ 104.01 *et seq.*

68. Since June 1, 2015, D.R. Diedrich has employed, and/or continues to employ, Plaintiff Gonzalez and the members of the Wisconsin Laborer Class as within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

69. Since June 1, 2015, D.R. Diedrich has employed, and/or continues to employ, Plaintiff Gonzalez and the members of the Wisconsin Laborer Class as within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

70. Since June 1, 2015, D.R. Diedrich has had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules which willfully, dilatorily, and unjustly fail to properly pay Plaintiff Gonzalez and the members of the Wisconsin Laborer Class the proper overtime rate for all hours worked in excess of forty in a workweek.

71. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

72. The foregoing conduct, as alleged above, constitutes continuing willful, dilatory, and unjust violations of Wisconsin's law requiring the payment of minimum and overtime wages.

73. As set forth above, Plaintiff Gonzalez and members of the Wisconsin Laborer Class have sustained losses in their compensation as a proximate result of D.R. Diedrich's violations. Accordingly, Plaintiff Gonzalez, on behalf of himself and the Wisconsin Laborer Class, seek damages in the amount of their respective unpaid compensation, injunctive relief requiring D.R. Diedrich to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

74. Under Wis. Stat. § 109.11, Plaintiff Gonzalez and the Wisconsin Laborer Class are entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

75. Plaintiff Gonzalez, on behalf of himself and the Wisconsin Laborer Class, seeks recovery of attorneys' fees and the costs of this action to be paid by D.R. Diedrich, pursuant to the Wisconsin law.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Gonzalez, on his own behalf and on the behalf of all members of the FLSA Laborer Class and the Wisconsin Laborer Class request the following relief:

a) An order designating this action as a collective action on behalf of the FLSA Laborer Class and issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

b) An order certifying this action as a Fed. R. Civ. P. 23 class action on behalf of the proposed Wisconsin Laborer Class;

c) An order designating Plaintiff Gonzalez as the representative of the Wisconsin Laborer Class set forth herein;

d) An order designating Hawks Quindel, S.C. as Class Counsel for the Wisconsin Laborer Class;

e) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

f) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring D.R. Diedrich's actions as described in the Complaint as unlawful and in violation of the Wisconsin Law and applicable regulations;

g) An order finding that D.R. Diedrich violated the FLSA's and Wisconsin wage and hour law's overtime provisions;

h) An order finding that these violations were willful;

i) Judgment against D.R. Diedrich in the amount equal to Plaintiff Gonzalez, the FLSA Laborer Class', and the Wisconsin Laborer Class' unpaid wages at the applicable overtime rates;

j) Judgement against D.R. Diedrich in the amount equal to Plaintiff Gonzalez's lost wages in back pay and front pay;

k) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin law and the FLSA or, if the Court finds that liquidated damages and civil penalties are not appropriate in this matter, an award of pre-judgment and post-judgment interest;

l) An award of compensatory and/or punitive damages to Plaintiff Gonzalez in an amount that the Court deems just and reasonable for D.R. Diedrich's violations of 29 U.S.C. § 215(a)(3);

m) An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

n) Such further relief as the Court deems just and equitable.

Dated this 1st day of June, 2017.

Respectfully submitted,

**s/** *Summer H. Murshid*
Summer Murshid
Bar Number 1075404
Larry A. Johnson
Bar Number 1056619
Timothy Maynard
Bar Number 1080953
Attorneys for Plaintiff

**Hawks Quindel, S.C.**
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
E-mail: ljohnson@hq-law.com
smurshid@hq-law.com
tmaynard@hq-law.com